## CIRCUIT COURT OF THE CITY OF RICHMOND

Joseph Wynn

v.

Norfolk Southern Ry. Co.

March 16, 1995

Case No. LX-262-4

BY JUDGE RANDALL G. JOHNSON

I have now had an opportunity to do some research on Mr. Shapiro's request that depositions, interrogatories, and requests for admissions of the present defendant in a previous lawsuit be adopted as evidence in this case. I conclude that they may not be so adopted. In light of the nearness of the trial date, I will give only a very brief statement of my reasons.

With regard to requests for admissions, Rule 4:11 of the Rules of the Supreme Court of Virginia specifically states:

> Any admission made by a party under this Rule is for the purpose of the pending action only and is not an admission by him for any other purpose *nor may it be used against him in any other proceeding.*

Emphasis added.

As for depositions, Professor Bryson notes that a deposition may not be used against a person who was not a party at the time the deposition was taken. Bryson, *Handbook on Virginia Civil Procedure* (2d ed. 1989), p. 374. He then suggests that under the "principle of mutuality," a person who was not a party when the deposition was taken also may not use it against a person who was a party. *Id.* at 375. I agree with that suggestion. Further, I see no reason why it does not apply with equal force to interrogatory answers. Accordingly, I hold that they also may not be used as substantive evidence in this case. The trial judge will determine whether,

and under what circumstances, depositions and/or interrogatory answers may be used for impeachment.